1  BARBARA M. RIZZO (CSBN 172999)
   Attorney At Law
2  P.O. Box 15
   Moss Beach, CA 94038
3  Telephone: (650) 728-0170
   Facsimile: (650) 745-1220
4
   Attorney for Plaintiff Ronald Mahtesian
5
   JOSEPH P. RUSSONIELLO (CSBN 44332)
6  United States Attorney
   JOANN M. SWANSON (CSBN 88143)
7  Chief, Civil Division
   MELISSA K. BROWN (CSBN 203307)
8  Assistant United States Attorney

9     450 Golden Gate Avenue, Box 36055
      San Francisco, California 94102-3495
10    Telephone: (415) 436-6962
      FAX: (415) 436-6748
11    melissa.k.brown@usdoj.gov

12 Attorneys for Defendant

13
                    UNITED STATES DISTRICT COURT
14
                   NORTHERN DISTRICT OF CALIFORNIA
15
                        SAN FRANCISCO DIVISION
16

17 RONALD MAHTESIAN,              )    No. C 07- 4172 WHA
                                  )
18      Plaintiff,                )    STIPULATION AND AGREEMENT
                                  )    FOR COMPROMISE SETTLEMENT
19      v.                        )    AND [PROPOSED] ORDER
                                  )
20 MICHAEL B. MUKASEY, Attorney   )
   General for the United States of America, )
21                                )
        Defendant.                )
22 _____

23      IT IS HEREBY STIPULATED AND AGREED by and between plaintiff RONALD

24 MAHTESIAN ("Plaintiff") and defendants MICHAEL B. MUKASEY, Attorney General for the

25 United States of America, (hereinafter the "Federal Defendant"), by and through their

26 undersigned counsel, as follows:

27      WHEREAS, Plaintiff has commenced litigation in the United States District Court for the

28
STIPULATION AND AGREEMENT FOR COMPROMISE SETTLEMENT AND [PROPOSED] ORDER
C- 07-4172 WHA
                                    1

1. Northern District of California, such litigation docketed as Civil Action, C-07-4172 WHA against the Federal Defendant;

WHEREAS, Plaintiff has filed administrative complaints and grievances in connection with employment with the Federal Defendant;

WHEREAS, Plaintiff has alleged that he has been the victim of discrimination based upon age and gender;

WHEREAS, Plaintiff has alleged that the Federal Defendant and/or his agents, servants, employees, or their predecessors, have retaliated against him and subjected him to a hostile work environment;

WHEREAS, the Federal Defendant denies that any such discrimination, harassment, retaliation, reprisal or any other illegal or improper conduct occurred;

WHEREAS, the parties hereto desire to resolve all claims involved in this litigation and any other disputes arising out of Plaintiff's employment, or application for employment, with the Federal Defendant through this Stipulation and Agreement for Compromise Settlement ("Settlement Agreement") and buy peace;

THEREFORE, the parties agree as follows:

1. The parties do hereby agree to settle, compromise, and dismiss the above-captioned action ("This Action") under the terms and conditions set forth herein.

2. After full and open discussion, the parties agree to settle, compromise, and fully release any and all of Plaintiff's claims demands, suits, rights, damages, contracts, grievances, charges, administrative remedies (including, but not limited to Merit Systems Protection Board or Equal Employment Opportunity filings) and causes of action of whatsoever kind and nature, whether known or unknown (hereinafter collectively, "Claims"), against the Federal Defendant and all past and present officials, employees, agents or attorneys of the United Stated Department of Justice, or the Office of the Inspector General, their successors and assigns. This release of all Claims includes, but is no limited to, Claims that were brought, or could have been brought, in the instant lawsuit, and all Claims of Plaintiff against the Federal Defendant based on events that

STIPULATION AND AGREEMENT FOR COMPROMISE SETTLEMENT AND [PROPOSED] ORDER
C07-4172 WHA
                                        2

1  occurred on or before the date the Court dismisses this lawsuit.

2     3.    The Federal Defendant agrees to pay the sum of Twenty-Five Thousand Dollars
3  and no cents ($25,000.00) to Plaintiff under the terms and conditions set forth herein. The sum
4  of Twenty-Five Thousand Dollars and no cents ($25,000.00) reflects the entire monetary amount
5  due Plaintiff his heirs, executors, administrators, assigns, and attorneys from the Federal
6  Defendant, and the parties further agree that Plaintiff and Federal Defendant shall each bear their
7  own costs, fees, interest and expenses and that any attorney's fees or costs owed by Plaintiff will
8  be paid out of the settlement amount of $25,000 and not in addition thereto. As further
9  consideration for this Settlement Agreement, the Federal Defendant agrees to provide an
10 employment reference for Plaintiff that will acknowledge that Plaintiff left the agency voluntarily
11 and in good standing. The Federal Defendant designates Wanda Oliver as the point of contact
12 for references for Plaintiff.

13    4.    Nothing herein is intended to be construed as an adjudication of the merits of any
14 factual or legal issue in this lawsuit or in any administrative proceeding. Further, nothing in this
15 Settlement Agreement shall constitute an admission of liability or fault on the part of the Plaintiff
16 or the Federal Defendant or any of their past or present officials, agents, attorneys, or employees
17 or any of their successors or assigns. Rather, this Settlement Agreement is entered into by the
18 parties for the purpose of compromising disputed Claims and avoiding the expenses and risks of
19 litigation. The parties further agree that this Settlement Agreement will not be regarded as a
20 precedent, and may not be used, cited, or compared by any person, except Plaintiff and the
21 Federal Defendant, for any purposes, against the Plaintiff or the Federal Defendant or their past
22 or present officials, agents, employees, attorneys, or any of their successors or assigns.

23    5.    The parties agree that Plaintiff, for himself and his heirs, executors, administrators
24 and assigns, release and discharges the Federal Defendant as well as any of his past or present
25 officials, agents, employees, attorneys or any of their successors or assigns, from any and all
26 Claims, including but not limited to, any obligations and liabilities of any kind and nature
27 whatsoever, in any way arising out of the Plaintiff's employment or application for employment,
28 with the Federal Defendant and Plaintiff's complaint and administrative filings, up to and

STIPULATION AND AGREEMENT FOR COMPROMISE AND SETTLEMENT
C07-4172 WHA                                3

1 including the date on which the Court dismisses the lawsuit.

2　　　　6.　　Plaintiff specifically acknowledges, agrees, and understands that, by signing this Settlement Agreement he is waiving any Claims (as defined above) for back pay, front pay, attorneys fees, interest, pain and suffering, lost benefits and promotional opportunities, emotional distress and all other pecuniary and non-pecuniary compensatory damages or other relief that have been or could have been claimed in any proceeding alleging employment discrimination, hostile work environment, or retaliation.

　　　　7.　　Plaintiff specifically agrees, as additional consideration for this Settlement Agreement, that this Settlement Agreement shall apply to all unknown or unanticipated injuries and damages, or any other Claims (as defined above), resulting from the incidents giving rise to this lawsuit and giving rise to his administrative filings or complaints, as well as those which are now known.

　　　　8.　　Plaintiff specifically agrees, as additional consideration for this Settlement Agreement, to waive the provisions of California Civil Code Section 1542 set forth below:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

The Plaintiff having been apprised of the statutory language of Civil Code Section 1542 by his attorneys, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights he may have pursuant to the provision of that statute and any similar provision of federal law. The Plaintiff understands that if the facts concerning the Plaintiff's injury and the liability of the Federal Defendant, or his directors, officers, agents, servants, or employees, attorneys or any of their successors or assigns for damages pertaining thereto or found hereafter to be other than or different from the facts now believed by him to be true, this agreement shall be and remain effective notwithstanding such material difference.

　　　　9.　　Plaintiff specifically agrees, as additional consideration for this Settlement Agreement, that he will not apply for, or accept, employment with the United States Department of Justice Office of Inspector General and will withdraw any pending applications. Plaintiff recognizes that this provision of the Settlement Agreement will constitute a legitimate

STIPULATION AND AGREEMENT FOR COMPROMISE AND SETTLEMENT
C07-4172 WHA　　　　　　　　　　　　　4

nondiscriminatory and nonretaliatory business justification for refusing to hire Plaintiff with the United States Department of Justice Office of Inspector General.

10. In consideration of the forgoing, the Plaintiff agrees that he will immediately upon full execution of this agreement, execute a Joint Stipulation to Dismiss with Prejudice ("Joint Stipulation to Dismiss"), all claims asserted in This Action or any claims that could have been asserted in This Action, which is captioned *Ronald Mahtesian v. Michael Mukasey, Attorney General for the Department of Justice*, U.S. District Court Northern District of California Case No. C-07-4172 WHA and deliver such Joint Stipulation to Dismiss to counsel for the Federal Defendant. The Federal Defendant agrees not to file the Joint Stipulation to Dismiss with the Court until Plaintiff receives the settlement amount of Twenty-Five thousand dollars in accordance with the provisions of this Settlement Agreement. Further, attorney for the Plaintiff agrees to notify counsel for the Federal Defendant, in writing, within 5 calendar days of the receipt of the settlement amount of Twenty-Five thousand dollars.

11. The parties agree that the resolution of the lawsuit, and all outstanding grievances and administrative complaints, is based solely on the terms stated in this Settlement Agreement. Furthermore, this written Settlement Agreement contains all of the agreements regarding the subject matter hereof between the parties, and any of their officials, agents, attorneys, employees, their successors, predecessors, or assigns and is intended to be, and is, the final and sole agreement of such parties. The parties further agree that any other prior or contemporaneous representations or understandings not explicitly contained in this written Settlement Agreement, whether written or oral, are of no further legal or equitable force or effect. Any subsequent modifications to this Settlement Agreement must be in writing, and must be signed and executed by Plaintiff, and counsel for the Federal Defendant.

12. The Plaintiff and his heirs, executors, administrators, assigns and attorneys hereby agree to accept the sum of Twenty-Five Thousand Dollars and no cents ($25,000.00), in full and final settlement and satisfaction of the claims raised in This Action under the terms and conditions set forth herein.

13. It is also agreed, by and among the parties, that the settlement amount of Twenty-

Five Thousand Dollars and no cents ($25,000.00) shall be made payable to Plaintiff Ronald Mahtesian. The check will be mailed to the Plaintiff's attorney at the following address: Barbara Rizzo, Esq. P.O. Box 15, Moss Beach, CA 94038.

14. This agreement may be pled as a full and complete defense to any action or other proceeding, including any local, state or federal administrative action, involving any person or party which arises out of the claims released and discharged by this agreement.

15. If any withholding or income tax liability is imposed upon Plaintiff based on payment of the settlement sum as set forth herein, Plaintiff shall be solely responsible for paying any such liability. Plaintiff, and his attorneys, will indemnify and hold harmless the Federal Defendant from any liability the Federal Defendant may incur from any government agency arising out of any failure by Plaintiff to pay any tax liability he might be responsible for from any government agency.

16. Plaintiff and his attorney have been informed that payment of the settlement amount may take 90 days or more to process.

17. The parties agree that the District Court shall retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this agreement.

18. Each party acknowledges that they have been represented by and have relied upon independent counsel in negotiating, preparing and entering into this agreement and that they have had the contents of this agreement fully explained by counsel and that they are fully aware of and understand all of the terms of the agreement and the legal consequences thereof. It is further acknowledged that the parties have mutually participated in the drafting of this agreement and it is agreed that no provision herein shall be construed against any party hereto by virtue of the drafting of this agreement.

19. If any provision of this agreement shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

20. This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that this agreement has been freely and voluntarily entered into

STIPULATION AND AGREEMENT FOR COMPROMISE AND SETTLEMENT
C07-4172 WHA                               6

1  by the parties hereto with the advice of counsel, who have explained the legal effect of this
2  agreement. The parties further acknowledge that no warranties or representations have been
3  made on any subject other than as set forth in this agreement.
4      21.   This agreement may not be altered, modified, or otherwise changed in any respect
5  except in writing, duly executed by all of the parties or their authorized representatives.

7  DATED: March 24 2008

   *[signature]*
   RONALD MAHTESIAN
   Plaintiff

10 DATED: March 24, 2008       BARBARA RIZZO, Esq.

   *[signature]*
   BARBARA RIZZO
   Attorney for Plaintiff Ronald Mahtesian

16 DATED: March 24, 2008       JOSEPH P. RUSSONIELLO
                               United States Attorney

   *[signature]*
   MELISSA K. BROWN
   Assistant United States Attorney
   Attorney for the Federal Defendant

                               **ORDER**

Pursuant to the above Stipulation and Agreement approved and so ordered

**IT IS SO ORDERED.**
Dated: March 25, 2008.

*[SEAL: IT IS SO ORDERED / Judge William Alsup]*

WILLIAM H. ALSUP
United States District Court Judge

STIPULATION AND AGREEMENT FOR COMPROMISE AND SETTLEMENT
C07-4172 WHA                             7